OPINION
{¶ 1} Appellant, Tamatha Orin, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, granting Franklin County Children Services ("FCCS") permanent custody of appellant's children, Brandalynn Zorns ("Brandalynn") and James Orin, III ("James"). Cross-appellant, Mary Zorns, who is the children's maternal grandmother, appeals from the trial court's denial of her motion for legal custody. For the following reasons, we affirm.
 {¶ 2} Appellant gave birth to Brandalynn on December 14, 1988.[1]
On April 18, 2000, FCCS removed Brandalynn from her home with her mother and her step-father, James Orin, Jr., in response to Brandalynn's allegations that Mr. Orin sexually abused her. According to FCCS' October 20, 2000 complaint for temporary custody of Brandalynn, Mr. Orin touched Brandalynn's vaginal area with his fingers numerous times over a period of six months. Although Brandalynn reported this abuse to her mother, appellant did not believe her and did not separate Brandalynn from Mr. Orin or seek medical care for Brandalynn.
 {¶ 3} After FCCS removed Brandalynn from the Orin household, FCCS initially placed her in Mrs. Zorns' home. However, on April 26, 2000, FCCS removed Brandalynn from her grandmother's home when Brandalynn reported that her grandmother struck her and called her names, including "slut" and "whore." FCCS then placed Brandalynn in a foster home.
 {¶ 4} On July 22, 2000, appellant gave birth to James. FCCS took custody of James on July 26, 2000, and placed him in a foster home. James has never lived with either of his parents.
 {¶ 5} After an adjudicatory hearing on FCCS' complaints for temporary custody of both children, the magistrate found that Brandalynn was an abused child pursuant to R.C. 2151.031(A) and (D), and a dependant child pursuant to R.C. 2151.04(C). Additionally, the magistrate found that James was a dependant child pursuant to R.C. 2151.04(C) and (D). The trial court adopted the magistrate's decisions and granted FCCS temporary custody of both Brandalynn and James on January 10, 2001.
 {¶ 6} Effective January 11, 2001, the trial court adopted the reunification case plan FCCS developed. The case plan required, in pertinent part, that appellant: (1) initiate and remain in counseling to address issues of abuse and neglect she suffered as a child, co-dependency, domestic violence, self-protection, protection of children and safe relationships; (2) address how her past affects her parenting and self-esteem, and learn ways to support and protect her children; (3) support Brandalynn's disclosures of sexual abuse, encourage Brandalynn to tell the truth about what occurred and refrain from suggesting it is Brandalynn's fault the children are in FCCS' care; and (4) complete a parenting education program and demonstrate new skills during supervised visits. Additionally, the case plan required, in pertinent part, that Mr. Orin: (1) schedule, attend and engage in the process of a sex offender assessment, and follow the recommendations resulting from the assessment; (2) initiate counseling to address the abuse and neglect he suffered as a child, and how this abuse and neglect affects his parenting and behavior; (3) attend a domestic violence counseling assessment and follow the recommendations resulting from the assessment; and (4) complete random urine screens. Citing their disagreement with the case plan's requirements, neither appellant nor Mr. Orin signed the case plan.
 {¶ 7} On March 22, 2001, FCCS moved for permanent custody of both Brandalynn and James. In her affidavits attached to the complaints, Shannon Kelley, the case worker for both Brandalynn and James, testified that both Mr. and Mrs. Orin had acted in such a manner that the children could not be placed with either of them within a reasonable period of time. Ms. Kelley stated that both parents had failed to substantially change the condition, i.e., the danger of abuse, that caused FCCS to remove Brandalynn and James from the Orin household.
 {¶ 8} Prior to the adjudicatory hearing on FCCS' motion for permanent custody, the trial court added Mrs. Zorns as a party to both Brandalynn's and James' cases so that she could argue that both children be placed with her.
 {¶ 9} During the adjudicatory hearing, the magistrate heard testimony from appellant, Mr. Orin, Ms. Kelley, Brandalynn's foster mother, and Mrs. Zorns, among others. Based upon the evidence introduced, the magistrate determined that appellant had not remedied the danger of sexual abuse that caused FCCS to remove the children. Therefore, the magistrate granted FCCS' motion. Further, the magistrate denied Mrs. Zorns' motion for custody, due to the evidence of prior physical and sexual abuse that occurred in her home.
 {¶ 10} On February 7, 2002, the trial court adopted the magistrate's decision that it was in James' best interest to terminate Mr. and Mrs. Orin's parental rights. The trial court likewise adopted the magistrate's decision to terminate Mrs. Orin's parental rights to Brandalynn on February 13, 2002. Although Mrs. Orin and Mrs. Zorns filed objections, the trial court overruled their objections and affirmed its adoption of the magistrate's decisions in its October 29, 2002 decision and judgment entry.
 {¶ 11} Appellant and Mrs. Zorns then appealed to this court.
 {¶ 12} On appeal, appellant assigns the following assignments of error:
 I. The trial court erred in granting the Motion for Permanent Custody filed by Franklin County Children's Services concerning Brandalynn Zorns and James D. Orin III.
 II. The trial court erred in granting the motion for permanent custody, since Mother Tamatha Orin had substantially complied with the requirements of the case plan.
 III. The trial court erred in granting the motion for permanent custody, since Franklin County Children's Services had not established by clear and convincing evidence that (1) it was in the best interest of the children that permanent custody be granted, and (2) that the children could not be placed by either parent within a reasonable amount of time.
 {¶ 13} Upon cross-appeal, Mrs. Zorns assigns the following assignment of error:
 The Trial Court errored [sic] in dismissing the grandmother's request for custody. The evidence at trial did not show the grandmother was not an appropriate placement for the minor child, Brandalynn Zorns and therefore placement should have been maintained. The Trial Court relied on hearsay evidence and unsubstantiated testimony to eliminate the grandmother from consideration as a viable placement, and custodian of the minor child, Brandalynn Zorns.
 {¶ 14} Because they are interrelated, we will address appellant's assignments of error together. Appellant argues that she has substantially remedied the condition which led to the removal of her children as demonstrated by her compliance with the majority of case plan requirements. Further, appellant argues that it is in the best interests of the children to reside with her.
 {¶ 15} An appellate court must accord the utmost respect to the trial court's discretion to determine whether an order of permanent custody is warranted. In re Sears, Franklin App. No. 01AP-715, 2002-Ohio-368, quoting In re Awkal (1994), 95 Ohio App.3d 309, 316. Pursuant to R.C. 2151.414(B)(1), a trial court:
 * * * [M]ay grant permanent custody of a child to a movant if the court determines at the hearing * * * by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and * * *
 (a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 16} A trial court shall enter a finding that a child cannot be placed with either parent within a reasonable time or should not be placed with either parent, if the trial court determines by clear and convincing evidence that:
 Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially cause the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. * * *
R.C. 2151.414(E)(1).
 {¶ 17} Here, the trial court determined that Brandalynn and James could not be placed with appellant within a reasonable time because she had not substantially remedied the condition causing her children to be placed outside the home — the danger of abuse. To rebut the trial court's conclusion, appellant argues that she substantially complied with the requirements of the case plan. Appellant asserts that she can meet the needs of the children, as she is renting a three-bedroom house, she has utilities and a stocked refrigerator, and she is employed. Further, appellant points to evidence that she is in counseling at the Scioto Paint Valley Mental Health Center, thus satisfying the case plan requirement that she receive counseling for the domestic violence she has experienced. Appellant also asserts that she has completed parenting classes and regularly visits the children.
 {¶ 18} Initially, we note that the operative issue here is whether appellant has substantially remedied the condition resulting in the removal of Brandalynn and James from her home. Although appellant has complied with some of the case plan's requirements, she has not addressed the abuse that resulted in the children's removal from the home.
 {¶ 19} Applying the clear and convincing evidence standard, the trial court found that Mr. Orin sexually abused Brandalynn. Appellant, however, testified repeatedly that she does not believe Brandalynn was abused, and that she has not supported Brandalynn's disclosures of the abuse. As the trial court found, the evidence corroborates appellant's admission that she has not and will not support her daughter, and establishes that appellant is incapable of protecting her children. First, Ms. Kelley testified that, during a June 2001 visit with Brandalynn, appellant stated to Brandalynn that the sexual abuse did not happen and suggested that Brandalynn was a liar. In response to her mother's statement, Brandalynn left the room crying and hid in the bathroom.
 {¶ 20} Second, appellant testified that she shares a home with Mr. Orin, and that she has no concerns about bringing Brandalynn or James into that home. Appellant wants her "family to be together completely," regardless of the fact that Mr. Orin sexually abused Brandalynn and has not sought any treatment for his actions. (11/6/01 Tr., at 77.)
 {¶ 21} Third, appellant has not yet meaningfully addressed the sexual abuse she experienced as a child. Although appellant is in counseling for issues related to domestic violence, the counseling she received for her issues with sexual abuse was limited to seven sessions with James Heckman, a licensed independent social worker, and one session with Dr. Lettvin, a psychiatrist. Mr. Heckman testified that their counseling sessions stopped because appellant did not feel the need, and did not want, to deeply explore these issues. This attitude is further demonstrated by appellant's failure to schedule any sessions with Dr. Lettvin after her first session.
 {¶ 22} Given appellant's inability to support Brandalynn or address her own history of sexual abuse, appellant remains unable to protect either Brandalynn or James from abuse. Because the abuse was the condition that caused Brandalynn's and James' removal, the children cannot be placed with her within a reasonable time.
 {¶ 23} If a trial court concludes that a child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents, the court must then determine if it is in the child's best interest to grant permanent custody to FCCS. In determining the best interest of a child, a trial court shall consider all relevant factors, including:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 (5) Whether any of the factors in division (E)(7) to (11) of this section apply in relation to the parents and child.
R.C. 2151.414(D).
 {¶ 24} Here, in determining it is in Brandalynn's and James' best interest to grant permanent custody to FCCS, the trial court addressed each R.C. 2151.414(D) factor. Specifically, the trial court found that appellant has not demonstrated appropriate parenting skills when attending supervised visits at FCCS. For example, appellant gave James chocolate milk to drink, even after being informed that James was ill and could not tolerate the milk. Additionally, as we stated above, appellant has caused Brandalynn emotional pain by telling Brandalynn that she believes Brandalynn lied about the sexual abuse Brandalynn suffered at Mr. Orin's hands.
 {¶ 25} Although James was too young at the time of the adjudicatory hearing to express his wishes, Brandalynn testified that she wanted her foster mother to adopt her. Brandalynn's desire to be adopted by her foster mother results from her loving, mother/daughter relationship with her foster mother, and is understandable given that Brandalynn has lived in her foster home since April 27, 2000. James, like his sister, has lived with his foster family for an extended period of time, beginning on January 16, 2001. James has never lived with his parents. Upon the grant of permanent custody to FCCS, both Brandalynn and James can be considered for adoption, an option which Brandalynn's foster mother plans on considering with her husband.
 {¶ 26} Finally, the trial court found that, if the children were returned to the Orin household, they would potentially face the same issues of abuse that were present when they were removed because neither appellant nor Mr. Orin have addressed these issues. Consequently, based upon its consideration of the R.C. 2151.414(D) factors and this potential danger, we conclude that the trial court correctly held that permanent custody with FCCS is in the best interests of the children.
 {¶ 27} Accordingly, we overrule appellant's assignments of error.
 {¶ 28} By her assignment of error, Mrs. Zorns argues that the trial court should have granted permanent custody of the children to her. A court considering a permanent custody motion possesses the discretion to award legal custody to either parent or any relative who files a motion requesting legal custody. R.C. 2151.353(A)(3). However, R.C. 2151.353 does not require a trial court to consider relative placement before granting permanent custody. In re Patterson (1999),134 Ohio App.3d 119, 130. Indeed, relatives seeking legal custody of a child are not afforded the same presumptive rights that a parent receives as a matter of law. In the Matter of Dyal, Hocking App. No. 01CA11, 2001-Ohio-2383.
 {¶ 29} As the trial court found, Brandalynn lived with her mother in Mrs. Zorns' home from her birth until she was ten years old. Brandalynn also lived with Mrs. Zorns for a short time immediately after she was removed from the Orin household. Mrs. Zorns testified that she loves Brandalynn and James, and that she can provide a safe, comfortable home for them.
 {¶ 30} However, the testimony also reveals that Mrs. Zorns was convicted of child endangering for whipping appellant with a belt when appellant was a teenager. Appellant was removed from Mrs. Zorns' custody for 45 days following this incident. Further, appellant testified that friends Mrs. Zorns invited into her home sexually and physically abused appellant when she was a child. Finally, although FCCS originally placed Brandalynn in Mrs. Zorns' home, FCCS removed Brandalynn after Brandalynn stated that Mrs. Zorns called her names and hit her. Additionally, during the two weeks Brandalynn spent with Mrs. Zorns, the police were called to Mrs. Zorns' home to deal with an altercation between Mrs. Zorns and her son.
 {¶ 31} Mrs. Zorns argues that evidence FCCS relied upon to remove Brandalynn from her home is hearsay and unsubstantiated. However, testimony regarding each of the above facts was admitted, without objection, into evidence. Therefore, based upon the ongoing history of abuse in Mrs. Zorns' home, we conclude that the trial court did not abuse its discretion in denying Mrs. Zorns' motion for permanent custody. Accordingly, Mrs. Zorns' assignment of error is overruled.
 {¶ 32} For the foregoing reasons, we overrule appellant's and Mrs. Zorns' assignments of error and affirm the judgments of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.
Judgments affirmed.
[1] Appellant never married Brandalynn's father and does not know where he currently resides. Brandalynn's father did not respond to FCCS' motion for permanent custody.